UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVANNY P. THEUS, | Case No. 2:23-cv-01102-DOC-KES |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS SUCCESSIVE |
| BRYAN PHILLIPS, Warden, | |
| Respondent. | |

On February 5, 2023, Jovanny P. Theus ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 1 at 15.)[1]

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Under this Rule and for the reasons set forth below, the Court orders Petitioner to show cause why the Petition should not be dismissed as

---

[1] Petitioner signed the Petition on February 5, 2023.  Under the prison mailbox rule, a prisoner's habeas petition is generally considered "filed" on the date it is signed. Butler v. Long, 752 F.3d 1177, 1178, n.1 (9th Cir. 2014); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010).  Page citations refer to the pagination imposed by the Court's electronic filing system.

1  successive.

2  # I.

3  ## PROCEDURAL HISTORY[2]

4       Petitioner was convicted and sentenced in 2008 in Los Angeles County

5  Superior Court ("LASC") case no. SA-059682-02.  (Dkt. 1 at 1.)  This is the same

6  conviction that was the subject of an earlier § 2254 petition in Theus v.

7  Montgomery, Central District of California case no. 2:19-cv-08160-DOC-KES

8  ("Theus I").  (Theus I, Dkt. 1, 6.)

9       In Theus I, the Court issued a Final Report and Recommendation ("R&R")

10  summarizing the procedural history of Petitioner's challenges to his conviction.

11  (Id., Dkt. 14.)  The Court repeats the relevant portions of that history here.

12  **A.      State Court Proceedings.**

13       **1.      Trial and Conviction.**

14       In 2008, Petitioner "was convicted of second degree robbery, attempted first

15  degree robbery, three counts of kidnapping, and 10 counts of forcible sex crimes.

16  The jury also found true aggravated kidnapping allegations, and prior serious felony

17  allegations were found true following a court trial."  People v. Jovanny, No.

18  B207665, 2009 Cal. App. Unpub. LEXIS 3027 (Apr. 20, 2009) (summarizing the

19  evidence presented at trial of Petitioner's February 2006 crimes against Emily R.).[3]

20  _____

21  [2] These facts are taken from the Petition, from the Court's own records, or from

22  public records.  Where necessary, the Court takes judicial notice of the latter.  Fed.
    R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to

23  reasonable dispute because it . . . can be accurately and readily determined from
    sources whose accuracy cannot reasonably be questioned."); United States v.

24  Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of

25  its own records in other cases, as well as the records of an inferior court in other
    cases.").  The public records of the California appellate courts are available at:

26  https://appellatecases.court info.ca.gov.  The criminal dockets of the LASC are

27  publicly available at: http://www.lacourt.org/criminalcasesummary/ui/.

28  [3] In Petitioner's first appeal, it appears that his first and last names were switched in

2

**2.      Direct Appeals.**

Petitioner appealed.  The California Court of Appeal affirmed his convictions but agreed with Petitioner's allegations of sentencing error.  <u>Jovanny</u>,  2009 Cal. App. Unpub. LEXIS 3027, at *31-43.  On April 20, 2009, the Court of Appeal ordered that the case be remanded for resentencing.  <u>Id.</u>

On May 21, 2009, Petitioner filed a petition for review in the California Supreme Court, which was denied on July 22, 2009.  <u>People v. Theus</u>, No. S173091 (Cal. Sup. Ct. July 22, 2009).

The case returned to the LASC which resentenced Petitioner.  He appealed his new sentence.  <u>People v. Theus</u>, No. B221074, 2011 Cal. App. Unpub. LEXIS 5432 (July 21, 2011).  The California Court of Appeal again made a finding of sentencing error and, on July 21, 2011, ordered as follows:

> [Petitioner's] sentence on count 2 (kidnapping during the commission
> of a carjacking) is ordered stayed pursuant to section 654.  The
> superior court clerk shall prepare and forward to the Department of
> Corrections and Rehabilitation an amended abstract of judgment that
> reflects this change.  The minute order and abstract of judgment shall
> be amended to reflect that the sentence on the stayed count 5 is 19
> years to life.  The abstract of judgment shall also be amended to
> reflect that [Petitioner] was ordered to pay the victim restitution fund
> $26,184.27.  So modified, the judgment is affirmed.

<u>Id.</u> at *14-15.

Petitioner filed a second petition for review in the California Supreme Court on August 23, 2011, and the petition was denied on September 28, 2011.  <u>People v. Theus</u>, No. S195815 2011 Cal. LEXIS 10275 (Sept. 28, 2011).

Petitioner did not file a petition for certiorari in the U.S. Supreme Court.

---

the title of the case.

1    (<u>Theus I</u>, Dkt. 6 at 3 ¶ 9(h).)

2         Proceedings were held in the LASC in Petitioner's case on August 9, 2011

3    and November 2, 2011.  <u>People v. Theus</u>, No. SA059682 (L.A. Sup. Ct.).

4         **3.**      **State Habeas Proceedings.**

5         Petitioner filed his first habeas petition in the state courts in July 2016, when

6    he filed a habeas petition in the LASC.  (<u>Theus I</u>, Dkt. 6 at 3-5.)  The LASC denied

7    the petition on October 20, 2016.  (<u>Id.</u> at 3; <u>see</u> <u>also</u> Dkt. 1 at 32 ¶ 7.)

8         In early 2017, he filed a habeas petition in the California Court of Appeal,

9    which was denied on July 27, 2017.  (<u>Theus I</u>, Dkt. 6 at 4); <u>In re Theus</u>, No.

10    B281257 (Cal. App. Ct. July 27, 2017).

11         On September 28, 2017, he filed a habeas petition in the California Supreme

12    Court, which was denied on November 29, 2017.  (<u>Theus I</u>, Dkt. 6 at 4-5);<u>In re</u>

13    <u>Theus</u>, No. S244656, 2017 Cal. LEXIS 9345 (Nov. 29, 2017).

14    **B.**    <u>**Prior Federal Proceedings.**</u>

15         On September 14, 2019, Petitioner initiated <u>Theus I</u> by constructively filing a

16    document captioned "Petition for Writ of Habeas Corpus by Person in *Federal*

17    Custody, 28 U.S.C. § 2241."  (<u>Theus I</u>, Dkt. 1, emphasis added.)  Because

18    Petitioner was in state custody due to his LASC conviction, his § 2241 was

19    dismissed with leave to amend, and he filed a first amended petition under § 2254.

20    (<u>Id.</u>, Dkt. 6.)  The amended petition argued that Petitioner was deprived of a fair

21    trial, was factually innocent of the charges, and was denied his Fourth Amendment

22    rights against unlawful search and seizure.  (<u>Id.</u> at 5, 7, 11-12.)

23         In January 2020, the Magistrate Judge issued a Final R&R recommending

24    that District Judge dismiss the first amended petition in <u>Theus I</u> as untimely.  (<u>Id.</u>,

25    Dkt. 14.)  The R&R concluded that Petitioner's 2008 conviction became final under

26    the one-year statute of limitations in the Antiterrorism and Effective Death Penalty

27    Act of 1996 ("AEDPA") in January 2011, meaning his federal habeas petition

28    should have been filed by January 2012.  (<u>Id.</u> at 12-14.)  The R&R further

concluded that Petitioner was not entitled to tolling, and that he had not presented new, reliable evidence of actual innocence.  (Id. at 13-18.)  The District Judge adopted the R&R, dismissing the amended petition.  (Id., Dkt. 15.)

Petitioner appealed.  (Id., Dkt. 18.)  In May 2021, the Ninth Circuit denied a certificate of appealability, finding Petitioner had failed to show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  (Id., Dkt. 21.)[4]

## II.

## GROUNDS FOR RELIEF

Petitioner alleges the following grounds for relief in the current Petition, each of which challenges his 2008 convictions:

Ground One:  Petitioner recites California law about the standard of review on direct appeal for claims of evidentiary error.  (Dkt. 1 at 5, 16.)  He identifies this claim as raised to the state courts in "Exhibit B."  (Id. at 6.)  Exhibit B is a counselled state habeas petition filed in the California Court of Appeal with a signature date of January 3, 2017, seeking to vacate Petitioner's conviction in LASC case no. SA0596802.  (Id. at 27-36.)  It alleges that Petitioner's sentence is illegal under state and federal law because the LASC judge "who presided over [Petitioner's] trial and who sentenced him was demoted due to the fact that said judge sentenced individuals to too much time in custody."  (Id. at 32.)[5]

Ground Two: Petitioner cites Miranda v. Arizona, 384 U.S. 436 (1966) and

---

[4] A petitioner may not appeal an order dismissing a habeas petition under § 2254 unless the district judge or the federal court of appeal issues a certificate of appealability.  See generally 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

[5] Although the petition is not stamped with a case number, it appears to be the habeas petition that Petitioner filed in the California Court of Appeal in early 2017, and which was denied in July 2017.  See In re Theus, No. B281257 (Cal. App. Ct. July 27, 2017).

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984), as well as California cases listing examples of ineffective assistance of counsel.  (<u>Id.</u> at 7, 17-18.)  Again, he refers to "Exhibit B" as supporting this claim.  (<u>Id.</u> at 7.)  In a declaration, Petitioner describes several actions he instructed trial counsel to take that were never taken.  (<u>Id.</u> at 39-40.)

<u>Ground Three</u>:  Petitioner alleges that his sentence is unconstitutional under <u>Cunningham v. California</u>, 549 U.S. 270 (2007), because the sentencing judge was not permitted to impose the "upper term" based on facts not found true by the jury.  (Dkt. 1 at 8, 19-21.)  Again, he refers to "Exhibit B" as supporting this claim.  (<u>Id.</u> at 8.)

<u>Ground Four</u>: Petitioner alleges that he should have received a mistrial because of (1) prosecutorial misconduct and (2) the "erroneous admission of incurably prejudicial evidence."  (<u>Id.</u> at 10.)  He refers to "Exhibit C" as supporting this claim.  (<u>Id.</u>)  Exhibit C is Petitioner's own declaration.  (<u>Id.</u> at 39.)  He declares that the police "illegally" arrested him following a traffic stop during which weapons were discovered so that they could photograph him and include his picture in a photographic six-pack presented to the kidnapping/rape victim Emily R.  (<u>Id.</u>)

As relief, Petitioner asks the Court to set aside his convictions, vacate or modify his sentence, and appoint effective counsel for a new trial.  (Dkt. 1 at 15.)

**III.**

**DISCUSSION**

Generally, a prisoner may only file one petition under § 2254 challenging the same state court conviction.  28 U.S.C. § 2244(b) provides in pertinent part as follows:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus

1  application under section 2254 that was not presented in a prior
2  application shall be dismissed unless--

3      (A) the applicant shows that the claim relies on a new rule of
4  constitutional law, made retroactive to cases on collateral review by
5  the Supreme Court, that was previously unavailable; or

6      (B)(i) the factual predicate for the claim could not have been
7  discovered previously through the exercise of due diligence; and

8        (ii) the facts underlying the claim, if proven and viewed in
9  light of the evidence as a whole, would be sufficient to establish by
10  clear and convincing evidence that, but for constitutional error, no
11  reasonable factfinder would have found the applicant guilty of the
12  underlying offense.

13    (3)(A) Before a second or successive application permitted by this
14  section is filed in the district court, the applicant shall move in the
15  appropriate court of appeals for an order authorizing the district court
16  to consider the application.

17  28 U.S.C. § 2244(b).  "[D]ismissal of a section 2254 habeas petition for failure to
18  comply with the statute of limitations renders subsequent petitions second or
19  successive" under § 2244(b).  <u>McNabb v. Yates</u>, 576 F.3d 1028, 1030 (9th Cir.
20  2009).

21      The Petition now pending appears to be a second or successive federal
22  § 2254 petition, because it challenges the same convictions as Petitioner's prior
23  § 2254 petition in <u>Theus I</u>, which was dismissed as untimely.  Thus, it appears that
24  Petitioner was required to get an order from the Ninth Circuit Court of Appeal
25  authorizing this Court to consider his new Petition prior to filing it.  If the Petition
26  is successive, then Petitioner's failure to secure an order from the Ninth Circuit
27  authorizing its filing deprives this Court of subject matter jurisdiction.  <u>Cooper v.</u>
28  <u>Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001), <u>cert. denied</u>, 538 U.S. 984 (2003).

**IV.**

**CONCLUSION**

IT IS THEREFORE ORDERED that, **on or before April 24, 2023**, Petitioner shall show cause in writing, if any he has, why the Court should not dismiss the Petition without prejudice as successive. In responding to this order to show cause ("OSC"), Petitioner may do one of the following:

1.    Explain why he believes the Petition is not successive. Is it challenging the same convictions and sentence that were challenged in Theus I? If not, what is it challenging?

2.    If Petitioner agrees that the Petition is successive, then he may voluntarily dismiss the Petition without prejudice and ask the Ninth Circuit for permission to file a second § 2254 petition.

If Petitioner fails to do either of these in response to this OSC before the deadline or request an extension of time, then the Court may recommend that the Petition be dismissed as successive and/or for failure to prosecute.

DATED: March 23, 2023

_Karen E. Scott_

_____

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE